Blanco *v.* Foote.

---

## BLANCO *vs.* FOOTE and others.

No mere purchaser at a sheriff's sale can, before completing his purchase and taking title, maintain an action in relation to the premises sold, against any person not a party to the suit in which the judgment of sale was rendered.

A party becoming the inchoate purchaser of premises, at a sheriff's sale, under a judgment of foreclosure, by making the highest bid, paying ten per

cent of the sum bid, and signing a memorandum of purchase, will not acquire such a right to, or interest in, the premises as will entitle him to maintain an action against judgment creditors of a former owner, who were not parties to the foreclosure suit, for the foreclosure of their lien upon the premises by virtue of their judgment.

Neither will such purchaser, even after he has completed his purchase by paying the whole of the purchase money and taking his deed, be entitled to a judgment against such judgment creditors, foreclosing their lien under their judgment.

*It seems* the only relief to which the purchaser is entitled, in such a case, against the judgment creditors, is that they redeem the premises from his purchase within a specified time or be foreclosed; or a judgment declaring that their alleged judgment was not a lien on the premises, but only a cloud on the purchaser's title thereto.

THE complaint in this action, commenced in March, 1857, states among other things that the Emigrant Industrial Savings Bank, in August, 1856, commenced an action in this court against William Lynch and several others of the defendants in this suit, for the foreclosure of a mortgage, dated 7th July, 1852, for $12,000, made by said Lynch, upon premises in New York known as No. 323 Greenwich street, and on the 11th of December, 1856, obtained a judgment, in the usual form, for the foreclosure of said mortgage and sale of the mortgaged premises, and payment out of the proceeds; to the plaintiff in that action of $13,620.20 with interest; to the defendant William Lynch of $15,721.51; and the balance, if any, into court. That, under said judgment, the mortgaged premises were offered for sale at auction, by the sheriff of New York, on the 9th of January, 1857, and on his bid of $32,900 were struck off to the plaintiff in this action, who then paid 10 per cent of the amount bidden, and signed the usual memorandum of sale and purchase, to be closed on 29th of January, 1857. That Dennis Harris, on 1st December, 1855, conveyed said premises, by a deed, recorded 22d December, 1855, to William A. Mills; that, on the 2d of January, 1856, the plaintiff commenced an action in this court against Harris, and issued an attachment therein, and, on the 8th of January, 1856, filed notice of lis pen-

dens in that action, and on the 3d of April, 1856, recovered judgment against Harris for $70,685.66, and issued execution, &c. That, in June, 1856, the plaintiff commenced an action against Harris and Mills to set aside said conveyance to Mills, and, on the 28th of October, 1856, obtained a judgment declaring such conveyance fraudulent and void as against the creditors of Harris; that, on the 1st of January, 1856, judgment was entered in this court in favor of Theodore C. Foote and Daniel D. Foote, against Harris, for $4,607.96; that many other judgments, mentioned in the complaint, were recovered by other persons also made defendants in this action, against said Harris, betwen 13th February and 31st October, 1856; that informalities in the proceedings for the recovery of said judgment of foreclosure have also been discovered, which make the title, under that judgment, apparently defective and unmarketable; that the plaintiff is anxious to close his purchase and obtain a good title to the property sold, *and he prays* that his complaint may be considered and treated as in the nature of a supplement to said original complaint for foreclosure; that all the defendants in this action may answer; that said decree or judgment of foreclosure may be reformed and corrected; and all said liens be foreclosed by the judgment. That said sale, made to the plaintiff, may be confirmed; and the title to the premises be duly vested in him free and discharged from all said liens.

The defendants, Theodore C. and Daniel D. Foote, by answer, set up their judgment against Harris stated to have been recovered on 1st January, 1856, for $4,607.90, which they allege became and was a lien on all real estate which Harris then or afterwards had in the county of New York, and generally deny or put in issue, all the other statements of the complaint. These defendants allege, that the greater part of their judgment is still due; and they claim to have a lien, prior to all other liens by judgment, on the premises, and that the plaintiff purchased the premises subject to such

lien; and they ask judgment that the plaintiff pay them the amount of their judgment against Harris, or that, as a trustee, he sell said premises, &c. or that the same be re-sold according to law, and out of the proceeds said judgment of these defendants be paid; and for general relief.

To so much of this answer as claims affirmative relief the plaintiff *demurred.*    Others of the defendants also demurred to the complaint, or answered.

The case was heard at special term on the several issues of fact and law therein, and judgment was rendered, on 26th October, 1857, whereby it was adjudged and decreed that the demurrers to the several answers be disallowed without costs; that the decree made on 11th December, 1856, in the original action be in all things confirmed; that the sheriff's sale, made on 9th January, 1857, to the plaintiff under said decree, be confirmed without costs; that the plaintiff, Blanco, on 5th November, 1857, pay the balance of his bid, $29,600, to the sheriff, and that the sheriff thereupon execute to him a deed; that all the defendants in this action and all persons claiming under them be absolutely foreclosed; and that the sheriff pay and dispose of the purchase money as in the original judgment for foreclosure directed.    From this judgment the defendants, Theodore C. Foote and Daniel D. Foote, appealed.

*By the Court,* BONNEY, J.    We have not been furnished with any opinion of the justice by whom this action was tried at special term, nor have the grounds on which his decision was rendered, been stated.    In my opinion, the judgment, as against these appellants, cannot be sustained, for the following reasons: *First.* The plaintiff by his inchoate purchase of the premises in question, (having made the highest bid for them at sheriff's sale under judgment of foreclosure, paid 10 per cent of the sum bidden, and signed a memorandum of purchase,) acquired no such right to or interest in said premises, as entitled him to maintain this

Blanco *v.* Foote.

action, against the defendants Foote, for foreclosure of the lien which they were supposed to have on the premises by virtue of their judgment against Harris. This plaintiff might have refused to take the sheriff's deed, for the reason that the title was defective, if the judgment of these defendants was a valid lien, and the plaintiff in the foreclosure suit might then have taken such action as was necessary to perfect the title; but no mere purchaser at sheriff's sale, *before completing his purchase and taking title*, can, in my judgment, maintain an action in relation to the premises sold, against any person not a party to the suit in which the judgment for foreclosure was rendered. What rights he may have, or what action he might take as against the parties to the suit for foreclosure, it is not now necessary to inquire.

*Second.* If the plaintiff had completed his purchase, paid the whole purchase money and taken his deed, or had (as he supposed and insists) the right to maintain this action before completing, he would not, in my opinion, be entitled to the judgment against the defendants Foote which has been rendered in this case. He might have obtained a judgment that said defendants redeem the premises from his purchase within a specified time or be foreclosed; or declaring that their alleged judgment was not a lien on the premises, but only a cloud on his title thereto, if the facts alleged and proved warranted such judgment; but the judgment at special term, in effect, admits, that the defendants Foote had a valid lien on the premises, and forecloses and cuts off that lien by affirming and declaring valid against them a judgment in an action to which they were not parties, and a sale under that judgment, of which sale, so far as now appears, they had no notice, without giving them any right to redeem, or opportunity to purchase the premises, or procure them to be purchased by another party, for any amount greater than that bidden by the plaintiff therefor.

In my opinion this judgment, as against the defendants

Theodore C. Foote and Daniel D. Foote, (who alone have appealed,) should be reversed, and the complaint as against them be dismissed with costs.

Judgment accordingly.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Allen* and *Bonney*, Justices.]